IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Michael D. Wood,                                    (Chapter 7)

        Debtor.                        Case No. 12-13442

---

CONDON OIL COMPANY

        Plaintiff,
v.                                                  Adv. No. 12-00181

MICHAEL D. WOOD,

        Defendant.

MEMORANDUM DECISION

    The plaintiff filed a proposed bill of costs. The defendant objected. A preliminary hearing was held and the matter was taken under advisement.

    From April 2009 through January 2012, Wisconsin Street Enterprises, Inc. ("WSE") operated two gas stations in Portage, Wisconsin. The debtor was president and part owner of WSE, and Condon sold the company motor vehicle fuel for its stations. At trial Condon argued: 1) the debtor committed false representations under 11 U.S.C. § 523(a)(2)(A) by failing to inform Condon about a new bank account, failing to alert Condon to the insufficient funds in the main account, and signing a security agreement for the gas pumps and POS equipment at the Wisconsin Street location on behalf of WSE when WSE did not own the property, 2) the debtor committed embezzlement and larceny under 11 U.S.C. § 523(a)(4) by ordering fuel which he had no intention of paying for and by failing to remit proceeds of fuel sales to Condon, and 3) the debtor committed willful and malicious injury under 11 U.S.C. § 523(a)(6) by taping over credit card readers. Condon failed to prove its case under § 523(a)(2)

1

and § 523(a)(4), but successfully showed that the debtor committed willful and malicious injury under § 523(a)(6).

The plaintiff has submitted a bill of costs in the amount of $4,841.04, itemized as following:

| | |
|---|---|
| Fee of the clerk | $293.00 |
| Fee for service of summons and complaint | 645.96[1] |
| Fees and disbursements for printing | 2,022.59 |
| Fees for witnesses (further itemized between 5 witnesses) | 371.34 |
| Costs incident to taking a deposition | 1,508.15 |
| Total | $4,841.04 |

The defendant objects to the bill on the grounds that the award of costs to the prevailing party is discretionary under F.R.B.P. 7054, that the plaintiff is not the prevailing party on all claims, and that there is no evidence that the costs included in the bill are for the plaintiff's successful claim.

F.R.C.P. 54(d) mandates: "[C]osts - other than attorney's fees - *should* be allowed to the prevailing party" (emphasis added). But F.R.B.P. 7054 gives bankruptcy courts discretion in awarding legal costs to the prevailing party: "The court *may* allow costs to the prevailing party." (emphasis added). "The language of Civil Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party on its face, while the language of Bankruptcy Rule 7054 gives more discretion to the bankruptcy court to deny costs." *In re Weihert*, 2013 WL 2403368, n. 3 (Bankr W.D. Wis. 2013).

The Seventh Circuit Court of Appeals in *Mungo* muddled the extent of that discretion: "[G]enerally only misconduct by the prevailing party worthy of a penalty ... or the losing party's inability to pay will suffice to justify denying costs." *Mungo v. Taylor*, 355 F.3d 969, 979 (7th Cir. 2004) (citing *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997)). Yet, the court only

---

[1] Plaintiff clarified in its reply that "[t]he $645.96 was mistakenly placed in the wrong itemization section. The $645.96 cost was actually incurred by Plaintiff for service of the subpoenas used for depositions and again for trial. As such, they are witness fees." Plaintiff's Response to Defendant's Objection to Plaintiff's Bill of Cost

2

cited to cases that refer to F.R.C.P. 54(d) and failed to take account of the difference in language between the two provisions.

"Once a bankruptcy court determines, in its discretion, to allow costs to a prevailing party in an adversary proceeding or contested matter pursuant to Rule 7054(b), the appropriate statute for determining which costs to award is 28 U.S.C. § 1920." *In re Celotex Corp.* 251 B.R. 163, 169 (Bankr. M.D. Fla. 2000). Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "The burden of proof at that point rests with the prevailing party." *In re Celotex Corp.* 251 B.R. at 169.

But, first, we must determine who is the prevailing party. "[P]laintiffs may be considered 'prevailing parties' if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[A] plaintiff need not prevail on every claim or legal theory to receive fully compensatory attorney's fees." *Sottoriva v. Claps*, 617 F.3d 971, 976–77 (7th Cir. 2010) (citing *Hensley*). The court may reduce the attorney's fees to reflect partial success by a reasonable amount. *Id.* at 976. Although the courts in *Hensley* and *Sottoriva* dealt with the determination of attorneys' fees not costs, the underlying rationale is essentially the same.

3

The difficulty here is that the plaintiff has succeeded on only one of its three causes of actions, and only:

> [t]o the extent of the debtor's liability for injury to Condon as a result of the signs being taped over the credit card readers, the debt is nondischargeable in bankruptcy. To the extent of the debtor's liability for any of the other discussed actions, the debt is discharged.

*Condon Oil v. Wood* (*In re Wood*), 503 B.R. 705, 713 (Bankr. W.D. Wis. 2013). The extent of the plaintiff's success on its § 523(a)(6) claim is limited to the actual damages that arose from the injury. Under the reasoning of *Stern v. Marshall*, this court lacked the constitutional authority to determine those damages. *Stern v. Marshall*, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). Only after a state court ruling or a settlement between the parties could it be determined with certainty whether and to what extent the plaintiff has prevailed on its § 523(a)(6) claim.

Nonetheless, this court will use its "wide discretion" to determine costs. In *Sottoriva*, the Seventh Circuit Court of Appeals reversed and remanded the district court's mathematical reduction of attorneys' fees on the basis that the plaintiff had won only "partial" success. *Sottoriva*, 617 F.3d. at 976–77. "*Hensley* explicitly counseled against applying such 'a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.'" *Id*. The Court of Appeals instructed the district court to consider and explain the proper relationship between the plaintiff's actual victory and the lodestar figure. *Id*. On remand, the district court clarified the reason for the reduction of its award of attorney's fees:

> the limited success on the central claim, Count I, should result in a reduction of the fee award by more than fifty percent.... This very limited success on the primary claim merits a reduction in fee in the range of 55 to 60 percent. The fee award should be reduced further by the complete lack of success on Count[s] II and III.

4

*Sottoriva v. Claps*, 441 Fed.Appx. 384, 385 (7th Cir. 2011). This time, the Appeals Court affirmed the district court's reasoning: "The 67% reduction was adequately explained on remand, reasonable under the circumstances, and within the district court's 'wide discretion' to determine fee awards." *Id.* at 386.

I find the rationale used by the district court in *Sottoriva* persuasive. Here, the plaintiff sought relief under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6). The first two claims did not promise much success from the beginning. Under § 523(a)(2), a debt is nondischargeable to the extent it was "obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). Neither the failure to alert Condon to the existence of the new bank account and the insufficiency of the old account, nor the signing of a security agreement for the gas pumps and POS equipment, rose to the level of fraud required under the statute. Condon's argument that the debtor violated an obligation under the contract was easily dismissed as it is well settled that a breach of a contract by itself does not render a debt nondischargeable under § 523(a)(2)(A). *In re Graham*, 472 B.R. 524, 529 (Bankr. W.D. Wis. 2012).

To prevail on its § 523(a)(4) claim, the plaintiff needed to establish that: (1) a fiduciary relationship existed between the parties, and (2) the defendant committed "fraud or defalcation ... while acting as a fiduciary of the trust." *See* 11 U.S.C. § 523(a)(4); *see also Meyer v. Rigdon,* 36 F.3d 1375 (7th Cir. 1994). The fiduciary relationship must arise in the context of an "express trust." *See Davis v. Aetna Acceptance Co.,* 293 U.S. 328 (1934) (finding that only an express trust will create a fiduciary relationship). But the plaintiff here never even alleged the existence of an express trust. As such, its claim was a very long shot from the beginning.

The plaintiff's successful claim required it to show that (1) the debtor intended to and caused an injury to the creditor's property interest, (2) the debtor's actions were willful, and (3) the debtor's actions were malicious. *See* 11 U.S.C. § 523(a)(6); *In re Williams*, 478 B.R. 362, 365 (Bankr. E.D. Wis. 2012).

5

Condon proved that the signs taped over the credit card readers were a willful and malicious injury. The plaintiff used credit card reports to show that credit card sales virtually ceased after the debtor taped up the signs.

The defendant objects to fees related to the depositions of four witnesses ($1,508.15) and witness fess ($243.65) arguing that only one witness, Matt Ott, testified to the taping of the credit card readers. The defendant also disputes $645.96, which was originally itemized by the plaintiff as a fee for summons and complaint but was in fact the cost of service of the subpoenas used for depositions. The parties appear to be in agreement that the majority of the printing costs were not used in pursuit of its § 523(a)(6) claim but it is clear that some store records were used to prove that the sales dropped directly as a result of the taping over the credit card readers.

The complete lack of success on the first two claims must result in a reduction of two thirds of the total fees. As to the extent of success of the plaintiff's third claim, I recognize that only a state court can determine precisely who the prevailing party was. In light of the evidence presented at trial, I chose to award the full one third of the fees to the plaintiff. It may be so ordered.

Dated: February 21, 2014

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

6